IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LEVERN JONES                                                                                           PLAINTIFF

VERSUS                                                         CIVIL ACTION NO.  2:08cv85-KS-MTP

ERIC BANKS                                                                                          DEFENDANT

OPINION AND ORDER

On April 18, 2008, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.  An order [9] was entered on May 7, 2008, directing the plaintiff to file a written response on or before May 29, 2008.  The plaintiff filed a response [10] on June 5, 2008, which included a request for an extension of time (see Order [12]) that was filed as a motion for extension of time [11] on June 9, 2008.  An order [12] was entered on June 9, 2008, granting the plaintiff's motion for extension of time [11].  The plaintiff was directed by the order [12] of June 9, 2008, to file a response on or before June 30, 2008.  The plaintiff was warned in this court's order [12] of June 9, 2008, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint.  Plaintiff failed to comply with that order.

When the plaintiff failed to comply with the order [12] entered on June 9, 2008, an order to show cause [13] was entered on July 14, 2008, directing the plaintiff to respond in writing on or before July 29, 2008, and explain why this case should not be dismissed for failure to comply with this court's order [12] of June 9, 2008.  In addition, the plaintiff was directed to comply with the order [12] of June 9, 2008, by filing a written response on or before July 29, 2008.  The plaintiff failed to file a response.

Even though he had been warned, the plaintiff has failed to respond to two court orders or to otherwise communicate with this court since he filed his response [10] on June 5, 2008. Therefore, this court finds that the plaintiff lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 25th day of August, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE